■ DONNA L. STRUGATZ, Respondent, v PETER STRUGATZ, Appellant. [703 NYS2d 181] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 25, 1999, which, *inter alia*, declared plaintiff was entitled under the parties' prenuptial agreement to an equitable portion of the proceeds from the sale of defendant's shares of Austin Productions, Inc., denied defendant's motion to strike certain portions of the amended complaint as prejudicial or cumulative, and denied defendant attorneys' fees and awarded plaintiff attorneys' fees, and order, same court and Justice, entered or on about May 17, 1999, which, *inter alia*, granted reargument on the issue of the prenuptial agreement's effect on the proceeds of the Austin shares but adhered to the original determination on the matter, unanimously affirmed, without costs.

Under the plain language of paragraph 3.2 of the parties' prenuptial agreement, plaintiff is entitled to an equitable portion of the proceeds from defendant's sale of Austin stock during the parties' marriage. Defendant's contention that plaintiff is entitled, pursuant to article 7 of the prenuptial agreement, only to limited lump sum payments, calculated according to the number of years the parties remained married, is without merit since it is plain from the text of the agreement that article 7 applies only if the shares remain unsold at the time of the divorce proceeding. Defendant has failed to demonstrate that the agreement is unconscionable.

The prenuptial agreement provides for the award of attorneys' fees to the party successfully enforcing or defending the action, and defendant does not contest the reasonableness of the amount awarded.

We have considered defendant's remaining contentions and find them unpersuasive. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Andrias, JJ.